UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelo Ham, #315014, ) | C/A No. 4:11-1150-JMC-KFM |
| *aka Angelo Bernard Ham,* ) | |
| ) | |
| Plaintiff, ) | **REPORT AND** |
| **)** | **RECOMMENDATION** |
| v. ) | |
| ) | |
| Darlington County Sheriff's Office; Calvin Jackson; Tim ) | |
| Robertson; John McLeod; Jay Hodge; Sherrie Baugh; ) | |
| Will Rogers; Kernard Redmond, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Angelo Ham (Plaintiff), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Lee Correctional Institution, a facility

of the South Carolina Department of Corrections (SCDC), and files this action *in forma*

*pauperis* under 28 U.S.C. § 1915. The complaint names government officers and employees

as defendants.[1] Plaintiff claims that "Defendants violated his Fourth Amendment rights by

failing to serve him with a valid arrest warrant" for more than ten months. ECF No. 1 at 2.

Plaintiff alleges he was arrested on September 10, 2004, but was not served with an arrest

warrant until July 20, 2005. *Id.* at 4. Plaintiff seeks monetary damages, as well as declaratory

relief. The complaint should be dismissed for failure to state a claim upon which relief may

be granted.

### *Pro Se* and *In Forma Pauperis* Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule

73.02 (DSC), the undersigned is authorized to review such complaints and petitions for relief

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner
seeks redress from a governmental entity or officer or employee of a governmental entity."

and submit findings and recommendations to the District Court.  The *in forma pauperis* statute

authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief.[2]  28 U.S.C. §1915(e)(2)(B)(i-iii).  As a *pro se* litigant, the

petitioner's pleadings are accorded liberal construction and held to a less stringent standard

than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

However, even under this less stringent standard, a *pro se* pleading remains subject to

summary dismissal.  The requirement of liberal construction does not mean that the court can

ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a

federal district court.  *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### Discussion

Plaintiff's Complaint is subject to summary dismissal based on the United States

Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477(1997).  With respect to civil

rights actions filed pursuant to 42 U .S.C. § 1983 such as the present one alleging

constitutional violations and/or other improprieties in connection with state criminal charges,

the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm whose unlawfulness would render
> a conviction or sentence invalid, ... a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such a
> determination, or called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that
> relationship to a conviction or sentence that has not been so invalidated is not
> cognizable under § 1983. Thus, when a state prisoner seeks damages in a
> § 1983 suit, the district court must consider whether a judgment in favor of the

---

[2] Screening pursuant to 28 U.S.C. § 1915A is subject to the same standard.

plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. The United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.[3]

It is noted that the rule in *Heck* does not apply to claims of false arrest in the pre-conviction context, where criminal charges are still pending. *See Wallace v. Kato*, 549 U.S. 384, 939 (2007). In the instant action, Plaintiff has been convicted of charges resulting from his alleged unconstitutional arrest. If the plaintiff's allegations in this case were proven true and judgment was rendered in his favor, his conviction would necessarily be invalidated. *See Edwards v. Balisock*, 520 U.S. 641 (1997)(the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies that necessarily imply the invalidity of the judgment). As such, Plaintiff must meet *Heck's* favorable termination requirement in order to recover damages for alleged constitutional violations associated with his current conviction. Plaintiff has not been successful in having his 2006 murder, armed robbery, and criminal conspiracy convictions set aside by way of appeal, post-conviction relief, habeas corpus, or otherwise. Therefore, *Heck* bars Plaintiff from suing the Defendants at this time based on their involvement in his arrest, prosecution, and conviction.

Even if *Heck* did not bar this action, the Complaint fails to allege facts that establish a claim for violation of Plaintiff's Fourth Amendment rights. The Fourth Amendment "prohibits law enforcement officers from making unreasonable seizures, and seizure of an

[3] *But see Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir.2008) (Former prisoner's § 1983 claim alleging wrongful imprisonment, filed after his sentence expired, was cognizable; prisoner not eligible for habeas relief because sentence had expired, so he would be left without access to contest allegedly wrongful imprisonment if his § 1983 claim was barred.).

3

individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).  The Complaint challenges the timing in which the arrest warrant was served on Plaintiff.  ECF No. 1 at 2, 4.  The Complaint does not allege that Plaintiff was seized without probable cause, so the facts do not support violation of Plaintiff's Fourth Amendment rights.  The Complaint fails to allege facts to support Plaintiff's stark claim for violation of a constitutional right, a prerequisite to a claim brought pursuant to 42 U.S.C. § 1983.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (For § 1983 claim, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.).

The Complaint fails to state a claim on which relief may be granted, and should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process.  28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the notice on the following page.**

May 25, 2011                                         s/Kevin F. McDonald
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).