# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Angelo Ham #315014, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 4:11-cv-1150-JMC |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Darlington County Sheriff's Office; Calvin ) | |
| Jackson, Tim Robertson, John McLeod , Jay ) | |
| Hodge, Sherrie Baugh, Will Rogers, and ) | |
| Kernard Redmond, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Doc. 9]. Plaintiff Angelo Ham ("Plaintiff") filed a Complaint [Doc. 1] against the Darlington County Sheriff's Office, Calvin Jackson, Tim Robertson, John McLeod , Jay Hodge, Sherrie Baugh, Will Rogers, and Kernard Redmond alleging a claim for the violation of his Fourth Amendment rights under 42 U.S.C. § 1983. The Magistrate Judge's Report, filed on May 25, 2011, recommends that the Complaint be dismissed in this case without prejudice and without issuance and service of process. Particularly, the Magistrate Judge found that the Plaintiff's Fourth Amendment claim failed because the challenged arrest was never favorably terminated and because Plaintiff failed to allege sufficient facts to establish a claim under §1983. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The

1

responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. 636(b)(1).

Plaintiff was advised of his right to file objections to the Report [Doc. 9-5]. Plaintiff timely filed objections, [Doc. 12], to the Magistrate Judge's Report. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the district judge accepts the recommendation. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In his objections, Plaintiff argues that the Magistrate Judge erroneously recommended dismissal of his Complaint. Specifically, Plaintiff contends that Defendants violated his Fourth Amendment rights by arresting him without a warrant and by issuing an arrest warrant ten months after his incarceration. The court finds that Plaintiff merely restates the claims which were already adequately addressed in the Magistrate Judge's Report and Recommendation.

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 9]. It is therefore **ORDERED** that the Complaint in the above-captioned case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

3

*J. Michelle Childs*

United States District Judge

Florence, South Carolina
June 14, 2012